UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILSON ANTWANN DAVIS,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

Case No. 1:08-CV-967
(Criminal Case No. 1:06:CR:69)

HON. GORDON J. QUIST

## OPINION

The Court has before it Wilson Antwann Davis's ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

### PROCEDURAL HISTORY

On October 3, 2006, Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) after reserving his right to appeal this Court's denial of his motion to suppress evidence discovered during a search of his residence. On January 25, 2007, this Court

sentenced Petitioner to 70 months incarceration and three years supervised release.  Judgment was entered on January 26, 2007.  Petitioner timely filed an appeal with the United States Court of Appeals for the Sixth Circuit on February 1, 2007.

On July 3, 2007, the Sixth Circuit affirmed the judgment.  The mandate issued on August 28, 2008.  Petitioner timely filed this motion under 28 U.S.C. § 2255 on October 14, 2008.

### DISCUSSION

Petitioner raises several claims that his counsel was ineffective by:  (1) failing to file a pre-trial motion to dismiss the indictment as multiplicious; (2) failing to object to perjured testimony by a government witness, Ms. Vines, who testified in a state proceeding that she told the police to enter the house but in the hearing on the motion to suppress before this Court testified that she did not tell the police to enter the house; (3) failing to properly investigate the proceedings; (4) failing to object to a two-point gun enhancement and an enhancement based upon Petitioner's prior criminal history and failing to file a proper sentencing memorandum citing mitigating factors that would have reduced Petitioner's sentence; and (5) abandoning any strategic defense for Petitioner.

The Sixth Circuit has summarized the test for ineffective assistance of counsel as follows:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).  The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial.  *Id.*

> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed."  *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.

> To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if Kinnard was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

### 1. Failure to Argue Multiplicious Indictment

Petitioner first argues that his counsel was ineffective for failing to file a pretrial motion to dismiss the indictment on the grounds of multiplicity. This argument fails on both *Strickland* prongs. "Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997). In other words, the rule precludes the government from charging a single offense in several counts. *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981). "The rules about multiplicity and duplicity are pleading rules, the violation of which is not fatal to an indictment." *Id.* Instead, the defendant's remedy is to move the prosecution to elect either the count or the charge within the count upon which it will rely. *Id.*

In this case, the indictment charged Petitioner with one count of being a felon in possession in violation of 18 U.S.C. § 922(g)(1) (Count 1) and one count of possessing a weapon with an obliterated serial number in violation of § 922(k) (Count 2). Even if these charges arguably were multiplicious, *see United States v. Moye*, 454 F.3d 390, 397 (4th Cir. 2006) (rejecting multiplicity argument based upon separate convictions under § 922(g)(1) and § 922(j) because the separate subsections required proof of different elements), Petitioner pled guilty to Count 1 and Count 2 was dismissed pursuant to his plea agreement. Thus, Petitioner was convicted and sentenced on only one charge and could not have possibly raised a multiplicity argument.

3

### 2. Failure to Object to Perjured Testimony

Petitioner contends that his counsel failed to object to Ms. Vines' testimony, but it is not clear how such an objection would have produced a different result.  During the hearing on Petitioner's motion to suppress, Ms. Vines backtracked from her statement in the prior state proceeding that she told the police to enter the house.  It appears that Ms. Vines changed her testimony in order to benefit Petitioner.  Nonetheless, the Court concluded from all of the circumstances and Ms. Vines' statements that the officers could have reasonably understood that Ms. Vines consented, even though she testified at the hearing that she did not expressly tell the officers to enter the house.  Thus, an objection to Ms. Vines' testimony would have neither helped Petitioner nor changed the outcome of the motion to suppress.

### 3. Failure to Investigate

Petitioner next claims that his counsel was ineffective for failing to properly investigate Petitioner's proceedings.  Petitioner does not elaborate upon this claim other than to suggest that his counsel should not have cited *Georgia v. Randolph*, 547 U.S. 103 (2006), which this Court found inapplicable.  Petitioner fails to give any specifics of this claim, and he fails to show how the alleged failure to investigate resulted in prejudice.

### 4. Failure to Object to Enhancement

Petitioner asserts that his counsel failed to object to a two-point enhancement for possession of a stolen weapon with an obliterated serial number and an enhancement for prior criminal history.  As with his other claims, however, Petitioner fails to provide anything more than a conclusory assertion that his counsel should have objected.  He does not explain the bases for the objections, and there is no indication that Petitioner was prejudiced by such alleged failures.  Petitioner also asserts that his counsel should have filed a proper sentencing memorandum presenting mitigating

factors. Apart from the fact that his counsel *did* file a sentencing memorandum, Petitioner fails to identify the mitigating factors he contends should have been presented. "[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

### 5. Abandonment of Defense

Finally, Petitioner asserts that his counsel abandoned any defense for Petitioner. This claim is also conclusory and lacks merit. Petitioner raises five issues that his counsel should have pursued, four of which relate to the motion to suppress. Petitioner may not use a § 2255 "to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Both this Court and the Sixth Circuit fully considered and rejected Petitioner's motion to suppress. Thus, Petitioner may not revisit the motion to suppress through his § 2255 motion. Moreover, Petitioner cannot show prejudice from any of counsel's alleged failures. Finally, Petitioner's fifth issue is frivolous, as Petitioner was not convicted of possession of a firearm with an obliterated serial number.

### NO CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of

Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

**CONCLUSION**

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate Order will issue.

Dated:  June 25, 2009                        /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE